# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN R. SKELTON,<br><br>       Petitioner,<br><br>   v.<br><br>STEVEN LAKE,<br><br>       Respondent. | Case No.  1:18-cv-00855-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary at Atwater, California (USP Atwater).  On June 21, 2018, he filed this federal petition challenging a guilty finding in a prison disciplinary proceeding conducted on October 2, 2015.  (Doc. 1 at p. 8.)  Because it appears that Petitioner was afforded all procedural and substantive due process protections, the Court will recommend the petition be SUMMARILY DISMISSED for failure to state a claim.

## BACKGROUND

On September 29, 2015, at 9:15 a.m., Correctional Officer D. Smith searched Petitioner's cell and discovered, among other things, a plastic sharpened homemade weapon measuring approximately 6 inches in length concealed in the light fixture above the bed.  (Doc. 1 at p. 7.)  Officer Smith stated no special tools were used to retrieve the weapon.  (Id.)  Petitioner was the

only inmate assigned to the cell. (Id.)

As a result, Petitioner was charged with violating BOP prohibited act codes 104 (possession of a weapon) and 305 (possession of an unauthorized item). (Id.) Petitioner was given a copy of the incident report on September 29, 2015. (Id.) He was advised of his rights on September 30, 2015. (Id., at p. 8.)

On October 2, 2015, the BOP held the disciplinary hearing on the charges. (Id.) Petitioner waived his right to a staff representative, declined to call any witness, and denied the charges. (Id.) He elected to make a statement. (Id.) He did not deny possession of other contraband, but he denied possession of the weapon, stating: "I had no knowledge of the weapon in the light. Those things have security screws. I can't take them off. They used tools to get into the light that I don't have." (Id.) After deliberation, the DHO (Disciplinary Hearing Officer) concluded that Petitioner had committed the prohibited acts. (Id., at p. 10.) The DHO noted that Officer Smith had retrieved the weapon and stated that "no special tools were used to retrieve this weapon." (Id.) For his violations, Petitioner was sanctioned with 41 days loss of good conduct time, 60 days loss of commissary privileges, 60 days loss of visiting privileges, and 60 days loss of email privileges. (Id.) Petitioner claims the evidence was insufficient to support the findings.

**DISCUSSION**

**A. Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir.

1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner was in the custody of the Bureau of Prisons at USP Atwater, which is located within the jurisdiction of this Court, at the time he filed the petition. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.    Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). It appears that Petitioner has exhausted his administrative remedies by presenting his claims to the highest level. (Id., at pp. 12-19.)

**D.    Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst.

v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not dispute that he received the above procedural due process protections, and the exhibits Petitioner has attached show those protections were provided. (Doc. 1 at pp. 12-19.) Rather, he claims the evidence did not support the guilty findings. He challenges the reporting officer's statement that no special tools were required to remove the light, claiming that the light had security screws that required the use of a special drill bit for removal. However, the Court is not tasked with "examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56. In this case, the reporting officer's statement that "no special tools were required" constitutes sufficient evidence to support the guilty findings. This evidence clearly constitutes at least "some evidence."

Accordingly, Petitioner fails to demonstrate that either his procedural or substantive due process rights were violated. Wolff, 418 U.S. at 564. The petition should be summarily dismissed for failure to state a cognizable claim.

## ORDER

The Court **DIRECTS** the Clerk of the Court to assign this matter to a District Judge.

## RECOMMENDATION

Based upon the foregoing, the Court **RECOMMENDS** that the habeas corpus petition be **SUMMARILY DISMISSED WITH PREJUDICE**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  __**June 25, 2018**__                    _____**/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE